## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| *In re* SAY SO PRIVATE HOMECARE SERVICES, LLC, <br><br>    Debtor. <br><br> SAY SO PRIVATE HOMECARE SERVICES, LLC, <br>    Appellant, <br>                v. <br> MICHAEL J BARGER, *Chapter 7 Trustee*, and OFFICE OF THE UNITED STATES TRUSTEE, <br>    Appellees. | Bankruptcy Case No. 22-54279-lrc <br><br><br><br> Civil Action No. 1:22-cv-03528-SDG |

### OPINION AND ORDER

This matter is before the Court on Appellees Michael J. Barger and the Office of the United States Trustee's (together, Appellees) motion to dismiss [ECF 4] Appellant Say So Private Homecare Services, LLC's (Say So) appeal [ECF 1] and Say So's motion to compel [ECF 6]. For the following reasons, Appellees' motion to dismiss is **GRANTED**. Say So's motion to compel is **DENIED as moot**.

This proceeding stems from Say So's June 6, 2022 petition for relief under Chapter 7 of the Bankruptcy Code.[1] Say So was assisted in preparing its bankruptcy petition and other documents by Neilson O. Wray, who is not an

---

[1] ECF 4, at 2.

attorney.[2] On June 29, Appellees filed a motion to dismiss Say So's bankruptcy petition, arguing Say So is an artificial entity and must be represented by counsel.[3] Say So opposed Appellees' motion, arguing it is not an artificial entity because it is registered with the Georgia Secretary of State and is allowed to be represented by an "attorney-in-fact."[4]

Say So failed to appear for the Bankruptcy Court's August 11 hearing on the motion to dismiss.[5] Subsequently, on August 12, the Bankruptcy Court entered an order dismissing Say So's case.[6] On August 31, Say So filed a *pro se* appeal of the Bankruptcy Court's order.[7] Appellees moved to dismiss on October 5 on the same grounds: Say So is a limited liability company (LLC) and is unrepresented by counsel.[8]

It is black letter law that corporations, partnerships, and limited liability companies are artificial legal entities that can act only through agents, cannot

---

2   *Id.*; ECF 3-20, at 1.

3   ECF 4, at 3.

4   *Id.* at 4.

5   *Id.*

6   *Id.*

7   ECF 1.

8   ECF 4, at 6.

appear *pro se*, and must be represented by counsel. *In re HRN Grp., LLC*, 2020 WL 4192489, at *1 (N.D. Ga. July 21, 2020) ("[A] limited liability company, cannot proceed *pro se*—that is, it cannot represent itself in court"). Nothing in the record demonstrates that Wray is a licensed attorney, and non-attorneys cannot represent artificial entities or corporations. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

Say So's confusion on these points appears to boil down to two propositions: (1) Say So is not an "artificial" entity because it is "registered" with the Georgia Secretary of State as an LLC and therefore, (2) Wray is entitled to litigate this case under Fed. R. Bankr. P. 9010(c) as Say So's attorney-in-fact.[9]

First, Say So misunderstands the definition of an artificial entity and apparently mistakes the term "artificial" for its colloquial or non-legal meaning. At law, however, an artificial entity is one that is provided for by statute and organized under the laws of a state, such as an LLC or a corporation—*i.e.*, something that is not a natural person. Artificial entities are those that "can act only through agents, cannot appear *pro* se, and must be represented by counsel. *Palazzo*, 764 F.2d at 1385 (citation omitted). Say So's registration with the Georgia

---

[9]   ECF 3-16; ECF 3, at 3, 6.

Secretary of State and being "not capable of representing itself" is evidence for, not against, its status as an artificial entity.[10]

Second, although the debtor in a bankruptcy proceeding is permitted to designate an attorney-in-fact to perform certain tasks on the debtor's behalf, such as the execution of a bankruptcy petition, the attorney-in-fact's authority to act is expressly limited to "any act *not constituting the practice of law*." Fed. R. Bankr. P. 9010(a) (emphasis added). Any attempt by the attorney-in-fact to file motions on the debtor's behalf or otherwise litigate the bankruptcy or appeal an order of the Bankruptcy Court runs afoul of this rule. Even if Wray were Say So's attorney-in-fact, only licensed attorneys-at-law have the authority to take an appeal of an Order of the Bankruptcy Court, and again, there is no evidence in the record that Wray is a licensed attorney. Thus, Say So's appeal is due to be dismissed. *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020) ("When an appeal is taken on behalf of an artificial entity by someone without legal authority to do so, the appeal should be dismissed"). Accordingly, the Court need not consider Say So's additional arguments in its response to the motion to dismiss.

---

[10]   ECF 5, at 6.

Appellees' motion to dismiss [ECF 4] is **GRANTED**. Say So's motion to compel [ECF 6] is **DENIED as moot**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 28th day of December, 2022.

Steven D. Grimberg
United States District Court Judge